IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ISHAQ MAJEED,

    Plaintiff,

v.      1:16-CV-03752-ELR

ATLANTA VETERAN AFFAIRS
MEDICAL CENTER, et al.,

    Defendants.

**ORDER**

Plaintiff Ishaq Majeed filed a complaint in the State Court of DeKalb County, Georgia against Atlanta Veteran Affairs Medical Center (the "VAMC"), Satyanarayana Basireddy, Amber Willis, John Doe(s) (1-2), and Jane Doe(s) (1-2) on February 26, 2016. [Doc. 1-1]. Plaintiff's complaint alleges tort claims against Doctor Basireddy and Nurse Willis for treatment they provided to Plaintiff on February 28, 2014, in the emergency room at the VAMC, along with claims against the VAMC as their employer. [Id. at ¶¶ 5-7, 12-22, 29-31, 38, 60-62, 67-69].

On August 11, 2017, the Court directed Plaintiff to show either that service had in fact been properly made or why Plaintiff had been unable to serve

Defendants. [Doc. 15 at 4]. The Court warned that Plaintiff's failure to make such a showing would result in dismissal of this action without prejudice. [Id.]

Plaintiff responded to the Court's Order on August 20, 2017. [Doc. 16]. Plaintiff states that the individually named Defendants were properly served. [Doc. 16 at 4]. Plaintiff attaches three Affidavits of Service, showing that service was made to Defendants Basireddy, Willis, and the Atlanta VAMC by delivering process to Sonja Reid, an employee of the Atlanta VAMC. [Doc. 16-1 at 1-3]. Plaintiff further argues that if the United States is the proper defendant in this suit, as argued by the Department, then, if the individually named Defendants have been properly served, so has the United States. [Id.]

Proper service was not made upon Defendants. Proper service of process in civil actions in Georgia is governed by O.C.G.A. § 9-11-4, which states that in the absence of a waiver of service, personal service is required. There was no waiver of service in this case, so service upon Sonja Reid, an employee of the Atlanta VAMC, does not equate to proper service upon Defendants.

Plaintiff filed his Complaint on February 26, 2016. [Doc. 1-1]. The Department removed this action to this Court on October 7, 2016. Upon removal, any defendant who was not properly served before removal must be served pursuant to the Federal Rules of Civil Procedure. 28 U.S.C. § 1448. As noted in the Show Cause Order, Federal Rule of Civil Procedure 4(m) provides the following:

2

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Plaintiff did not serve Defendants within ninety (90) days after the Complaint was filed on February 26, 2016, nor did Plaintiff make proper service pursuant to the Federal Rules of Civil Procedure after the case was removed. Plaintiff has not shown cause, much less good cause, for not serving Defendants. Accordingly, the Court will dismiss Plaintiff's complaint without prejudice.

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint [Doc. 1-1]; **DENIES AS MOOT** Plaintiff's Motion for Default Judgment [Doc. 2]; **DENIES AS MOOT** the Department of Veterans Affairs' Motion to Intervene [Doc. 4]; **DENIES AS MOOT** the Department of Veterans Affairs' Motion to Open Default [Doc. 6]; **DENIES AS MOOT** Plaintiff's Motion for Extension of Time [Doc. 17]; and **DIRECTS** the Clerk to close this case.

**SO ORDERED**, this 13th day of September, 2017.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia